UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                                      )
TEJASWI YEDDULA,                      )
                                      )
      Plaintiff,                      )
                                      )
         v.                           )   C.A. No. 20-190 WES
                                      )
RENEE SYSTEMS, INC.,                  )
                                      )
      Defendant.                      )
_____)
```

## MEMORANDUM AND ORDER

Defendant Renee Systems moves to dismiss all counts of Plaintiff Tejaswi Yeddula's Complaint, arguing that the claims are within the scope of a valid and enforceable agreement to arbitrate. Plaintiff moves for leave to amend the Complaint. For the reasons set forth below, Defendant's Motion to Dismiss, ECF No. 6, is GRANTED, Plaintiff's Motion for Leave to Amend the Complaint, ECF No. 12, is DENIED, and the Complaint, ECF No. 1, is DISMISSED WITHOUT PREJUDICE.

## I.  Background[1]

Leading up to the events at issue, Plaintiff was employed by BSASPEC, Inc., with an annual salary of $55,334.40. Am. Compl. ¶ 22, ECF No. 12-2. BSASPEC maintained a contractual relationship for Plaintiff's services with Randstad Technologies, where

---

[1] For the purposes of these motions, the facts as alleged in Plaintiff's Amended Complaint, ECF No. 12-2, are accepted as true.

Plaintiff worked as a Systems Analyst. Id. at ¶¶ 14-16. Later, Randstad made an agreement with Fidelity Investments under which Plaintiff worked on a project for Fidelity. See id. at ¶¶ 17-19.

On March 3, 2019, Plaintiff was "required to participate in a teleconference[,]" where she was informed that Defendant Renee Systems had acquired BSASPEC and that "she would have to sign a new employment agreement to continue her employment . . . ." Id. at ¶¶ 24, 26. Ten days later, Plaintiff signed an employment and non-compete agreement with Defendant. Id. at ¶ 11. The agreement "specifie[d] arbitration as the mechanism to resolve any dispute or controversy arising out of or relating to the Agreement." Id. at ¶ 33. Plaintiff signed the employment agreement "because she was led to believe there would be a substantial increase in pay and because it was represented to her . . . that it was required." Id. at ¶ 38. Although the agreement stated that Plaintiff's annual salary would be $84,000, Defendant paid her "at a significantly lower rate." Id. at ¶¶ 12-13. After working for Defendant for about three months, Plaintiff "notified . . . [D]efendant" that she would be leaving and that she "intended to take [a] full-time position" at Fidelity, where she currently works. Id. at ¶¶ 43-47.

On October 30, 2019, Defendant filed a request for arbitration with the American Arbitration Association (AAA Ca. No. 01-19-0003-

4702), alleging that Plaintiff violated the employment agreement. Id. at ¶ 48.  Defendant sent a revised demand for arbitration on November 7, 2019.  Id. at ¶ 50.  Arbitration was subsequently stayed pending resolution of this action.  Id. at ¶ 51.

Plaintiff filed her Complaint in this court on April 30, 2020, alleging breach of contract.  Compl., ECF No. 1.  After Defendant filed a Motion to Dismiss, Plaintiff moved for leave to file an amended complaint with additional factual allegations and a new count of fraudulent inducement.  See Pl.'s Mem. Supp. Mot. for Leave to Amend. 2, ECF No. 12-1.

II.  Legal Standard

1.  Motion to Dismiss

Under the Federal Arbitration Act ("FAA"), if the Court determines that "any issue [before the Court is] referable to arbitration under an agreement in writing[,]" the Court "shall on application of one of the parties stay the trial of the action until such arbitration has been had . . . ."  9 U.S.C. § 3. Nonetheless, "[w]here one side is entitled to arbitration of a claim brought in court, in this circuit a district court can, in its discretion, choose to dismiss the law suit, if all claims asserted in the case are found to be arbitrable."  Next Step Med. Co. v. Johnson & Johnson Int'l., 619 F.3d 67, 71 (1st Cir. 2010) (citing Bercovitch v. Baldwin Sch., Inc., 133 F.3d 141, 156 n.21 (1st Cir. 1998)).

Defendant argues that this dispute must be arbitrated, and that the case should therefore be dismissed pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Mot. to Dismiss 1, ECF No. 6. "[T]here is a split in authority as to whether [motions to dismiss based on arbitrability] must be brought pursuant to Rule 12's section (b)(1) or section (b)(6), . . . or perhaps considered with an analysis entirely separate from the Rule 12(b) rubric." Álvarez-Maurás v. Banco Pop. of Puerto Rico, 919 F.3d 617, 623 n.8 (1st Cir. 2019) (citation and quotations omitted). Although the Court of Appeals for the First Circuit has not prescribed a preferred vehicle for such claims, the court has made clear that a defendant may raise arbitrability via a motion to dismiss of some sort or another. See id. at 623-24 & n.8. Where, as here, the Court's ruling does not rest on evidentiary findings, the distinction between the types of dismissal motions is immaterial. See id. at 623 n.8.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Álvarez-Maurás, 919 F.3d at 622. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal,

556 U.S. at 678 (citing <u>Twombly</u>, 550 U.S. at 555).[2]  The Court may consider the Complaint, "documents the authenticity of which are not disputed by the parties[,] . . . documents central to the plaintiffs' claim[s,]" and "documents sufficiently referred to in the complaint." <u>Curran v. Cousins</u>, 509 F.3d 36, 44 (1st Cir. 2007) (citation and quotations omitted).

    2.   Motion to Amend

    In an effort to save her case, Plaintiff seeks leave to amend her complaint by adding factual and legal allegations that purportedly show she was fraudulently induced into agreeing to arbitrate. <u>See</u> Pl.'s Mem. Supp. Mot. for Leave to Amend 2.  Leave to file amended pleadings shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a)(2).  However, where the amended complaint would nonetheless fall prey to a motion to dismiss, a motion to amend should be denied as futile.  <u>See</u> <u>D'Agostino v. ev3, Inc.</u>, 845 F.3d 1, 6 & n.3 (1st Cir. 2016) (citing <u>Glassman v. Computervision Corp.</u>, 90 F.3d 617, 623 (1st Cir. 1996)).

---

[2] Some courts have applied the summary judgment standard to motions to compel arbitration.  <u>See, e.g.</u>, <u>Portier v. Neo Tech. Sols.</u>, No. 3:17-cv-30111-TSH, 2019 WL 7945683, at *4 (D. Mass. Dec. 31, 2019).  However, Defendant has simply moved to dismiss, not to compel arbitration proceedings (which have already commenced).  Moreover, the summary judgment standard is only applicable "after adequate time for discovery . . . ." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).  Since discovery has not occurred here, application of the summary judgment standard would not be appropriate.

III.  Discussion

"One seeking to enforce an arbitration agreement 'must show that a valid agreement to arbitrate exists, that the movant is entitled to invoke the arbitration clause, that the other party is bound by that clause, and that the claim asserted comes within the clause's scope.'"  Álvarez-Maurás, 919 F.3d at 623–24 (quoting InterGen N.V. v. Grina, 344 F.3d 134, 142 (1st Cir. 2003)).

Plaintiff challenges only the first element:  existence of a valid arbitration agreement.  See Mem. Supp. Pl.'s Opp'n ("Pl.'s Opp'n Mem.") 8-12, ECF No. 13-1.[3]  "When deciding whether the parties agreed to arbitrate a certain matter . . . , courts generally . . . should apply ordinary state-law principles that govern the formation of contracts."  Dialysis Access Ctr., LLC v. RMS Lifeline, Inc., 638 F.3d 367, 376 (1st Cir. 2011) (quoting First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944

---

[3] Defendant clearly satisfies the other three elements.  The arbitration agreement states that "any and all claims for . . . breach of contract, . . . misrepresentation, [and] payment of wages" are subject to arbitration.  Mot. to Dismiss Ex. 2, ¶ 12, ECF No. 6-3.  As a party to the arbitration agreement, Defendant is entitled to invoke the clause, which by its plain language is binding upon Plaintiff.  Moreover, Defendant "is not in default in proceeding with such arbitration . . . ."  9 U.S.C. § 3.  Lastly, Plaintiff's claims for breach of contract and misrepresentation are explicitly covered by the scope of the agreement.  See Dialysis Access Ctr., LLC v. RMS Lifeline, Inc., 638 F.3d 367, 379 (1st Cir. 2011) ("If the terms of [the agreement] are clear and specific, and leave no room for ambiguity or for diverse interpretations, they should be thus applied." (citation and quotations omitted)).

(1995)).   However, "due regard must be given to federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration."   Id. (quoting Mastrobuono v. Shearson Lehman Hutton, Inc., 514 U.S. 52, 62 (1995)).

Under Rhode Island law, courts apply "general rules of contract construction" to questions of arbitrability.   Radiation Oncology Assocs., Inc. v. Roger Williams Hosp., 899 A.2d 511, 514 (R.I. 2006) (citation omitted).   Moreover,

> When clearly written and expressed, a provision in a written contract to settle by arbitration a controversy thereafter arising out of such contract, or out of the refusal to perform the whole or any part thereof . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract . . . .

R.I. Gen. Laws § 10-3-2; see Newman v. Valleywood Assocs., 874 A.2d 1286, 1288 (R.I. 2005) (finding contract "stating that disputes 'shall be submitted to binding arbitration' comports with the statutory requirement that an arbitration agreement be 'clearly written and expressed'").   Further, the Rhode Island Supreme Court has "voiced a preference in favor of arbitration as a particularly efficacious alternative method of dispute resolution."   Radiation Oncology Assocs., 899 A.2d at 515 (citations omitted).

Here, the employment contract stated that:

> In the event that any dispute or controversy arises out of, or relates to this Agreement, the dispute or controversy shall be settled by arbitration . . . This arbitration clause constitutes a waiver of Employee's right to a jury trial and relates to the resolution of all disputes relating to all aspects of this employer/employee relationship . . . including . . . any and all claims for . . . breach of contract, . . . misrepresentation, . . . [and] payment of wages . . . .

Mot. to Dismiss Ex. 2, ¶ 12, ECF No. 6-3. The Amended Complaint explicitly references this document, and Plaintiff does not contest its authenticity. See Pl. Opp'n Mem. 4, ECF No. 13-1; Am. Compl. ¶¶ 32-33, ECF No. 12-2. Thus, the contract contained a clearly written and expressed provision to arbitrate controversies arising out of the contract.

Nonetheless, Plaintiff argues that the agreement to arbitrate is invalid in three ways. Even accepting the factual allegations in her Amended Complaint as true, though, Plaintiff's arguments fall short.

First, Plaintiff contends that the contract is void because Defendant failed to pay her the $84,000 per annum rate. See Pl.'s Opp'n Mem. 5-6; Am. Compl. ¶¶ 53, 56. But "[w]hile a party's failure to tender an agreed-upon consideration may give rise to a claim for breach of contract, it does not void the underlying agreement that the consideration supported." Caribbean Seaside Heights Properties, Inc. v. Erikon LLC, 867 F.3d 42, 45 n.3 (1st Cir. 2017) (citations and emphasis omitted). Indeed, the

arbitration agreement specifically states that "any and all claims for . . . breach of contract" are subject to arbitration.  Mot. to Dismiss Ex. 2, ¶ 12.

Second, Plaintiff claims that "Defendant made a false representation to Plaintiff regarding her pay rate and the Plaintiff justifiably relied on that misrepresentation to her detriment."  Am. Compl. ¶ 77; see also Pl.'s Opp'n Mem. 11. Plaintiff thus concludes that she "was fraudulently induced to accept the arbitration provision."  Am. Compl. ¶ 75; see also Pl.'s Opp'n Mem. 10-12.  Rhode Island law defines fraud in the inducement as a "[m]isrepresentation as to the terms, quality or other aspects of a contractual relation, venture or other transaction that leads a person to agree to enter into the transaction with a false impression or understanding of the risks, duties or obligations she has undertaken."  Bourdon's, Inc. v. Ecin Indus., 704 A.2d 747, 753 (R.I. 1997) (citation and quotations omitted).

Plaintiff's conclusory allegation that she was fraudulently induced to agree to arbitration is insufficient to overcome the federal policy in favor of arbitration.  See Dialysis Access Ctr., 638 F.3d at 376; see also Iqbal, 556 U.S. at 678 ("conclusory statements[] do not suffice").  Further, by arguing that Defendant misrepresented her future salary, Plaintiff is effectively asserting breach of contract again.  A breach does not affect the

validity of the contract. <u>See</u> <u>Caribbean Seaside Heights</u> <u>Properties</u>, 867 F.3d at 45 n.3.

Third, Plaintiff argues that the arbitration agreement is invalid due to lack of consideration in the employment contract. <u>See</u> Pl.'s Opp'n Mem. 9-10. In exchange for signing the contract and working for Defendant, though, Plaintiff was to be paid $84,000 per year. <u>See</u> Am. Compl. ¶ 12. This promise was valid consideration. <u>See</u> <u>Britto v. Prospect Chartercare SJHSRI, LLC</u>, 909 F.3d 506, 513 (1st Cir. 2018) ("Rhode Island uses the 'bargained-for exchange test,' which holds that 'something is bargained for, and therefore constitutes consideration, if it is sought by the promisor in exchange for his promise and is given by the promisee in exchange for that promise.'" (quoting <u>DeAngelis v.</u> <u>DeAngelis</u>, 923 A.2d 1274, 1279 (R.I. 2007)). Moreover, Plaintiff's argument does not specifically address the arbitration agreement, but rather the contract as a whole. <u>See</u> <u>Granite Rock Co. v. Int'l</u> <u>Bhd. of Teamsters</u>, 561 U.S. 287, 301 (2010) ("[C]ourts treat an arbitration clause as severable from the contract in which it appears and enforce it according to its terms unless the party resisting arbitration specifically challenges the enforceability of the arbitration clause itself, . . . or claims that the

agreement to arbitrate was [n]ever concluded . . . ." (citations and quotations omitted)).[4]

In sum, Plaintiff has failed to allege facts that would tarnish the enforceability of the arbitration agreement.   Thus, her Motion to Amend is futile, and this civil action cannot proceed.

IV.   Conclusion

For the reasons stated herein, Defendant's Motion to Dismiss, ECF No. 6, is GRANTED, Plaintiff's Motion to Amend, ECF No. 12, is DENIED, and the Complaint, ECF No. 1, is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

_William E. Smith_
William E. Smith
District Judge
Date:  December 21, 2020

---

[4] It is worth noting that despite Plaintiff's allegation that she signed the employment agreement because Defendant "required" her to do so, she does not argue that her actions were involuntary. Am. Compl. ¶¶ 31, 38.  Moreover, even if Plaintiff did make that argument, she has only pled conclusory statements without sufficient factual allegations to substantiate an argument of involuntariness.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).